NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUN 28 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SCOTT BYRON BRAMBLE, | No.   14-35935 |
| Plaintiff-Appellant, | D.C. No. 6:13-cv-01006-AA |
| v. | |
| NANCY A. BERRYHILL, Acting Commissioner Social Security, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Oregon
Ann L. Aiken, District Judge, Presiding

Submitted _____[**]

Before:     NELSON, TROTT, and OWENS, Circuit Judges.

Scott Bramble appeals the district court's decision reversing the

Commissioner of Social Security's denial of Bramble's application for disability

insurance benefits and supplemental security income under Titles II and XVI of the

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Social Security Act. After the Commissioner conceded that the administrative law judge (ALJ) erred by failing to make adequate factual findings regarding Bramble's ability to return to his past work, the district court remanded to the ALJ for further proceedings. On appeal, Bramble contends that the ALJ made additional errors and the district court abused its discretion by not remanding for an immediate award of benefits. We have jurisdiction under 28 U.S.C. § 1291. We review the district court's decision to remand for further proceedings for abuse of discretion, *Harman v. Apfel*, 211 F.3d 1172, 1173 (9th Cir. 2000), and we affirm.

In addition to the error at step four that the Commissioner conceded, the ALJ erred at step two by failing to discuss whether Attention Deficit Hyperactivity Disorder (ADHD) was a severe mental impairment. *See Celaya v. Halter*, 332 F.3d 1177, 1182 (9th Cir. 2003) (holding that the ALJ erred in failing to consider an impairment at step two when the record contained evidence of symptoms related to the impairment). This court cannot adequately review the ALJ's residual functional capacity (RFC) determination because the ALJ did not explain whether he considered any evidence of mental limitations resulting from ADHD or other mental impairments. *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1102-03 (9th Cir. 2014) (explaining that the ALJ's reasoning must be sufficiently clear for this court to review).

The ALJ provided several specific and legitimate reasons supported by

14-35935

substantial evidence for rejecting Dr. Vanderburgh's medical opinion: (1) internal inconsistencies in the opinion, (2) lack of clinical findings to support the opinion, and (3) inconsistencies with Bramble's own testimony. *See Bayliss v. Barnhart*, 427 F.3d 1211, 1216-17 (9th Cir. 2005) (listing lack of clinical findings and inconsistencies in physician's opinions among proper considerations for ALJ in rejecting a medical opinion); *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989) (concluding that the ALJ properly relied on inconsistency with claimant's testimony to reject medical opinion).

The ALJ provided several clear and convincing reasons supported by substantial evidence to find Bramble's testimony less than fully credible regarding his limitations from chronic headaches and pain: (1) inconsistences with Bramble's work history, (2) inconsistencies with Bramble's success in college courses, (3) inconsistencies with medical evidence of improvement with treatment, and (4) lack of treatment and objective medical findings. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (concluding that ALJ properly relied on inconsistency with other medical evidence to reject opinion of treating physician); *Bayliss*, 427 F.3d at 1216 (explaining that ability to complete education undermines testimony regarding severity of impairments); *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005) (including lack of medical evidence as one factor ALJ can rely on in discrediting claimant testimony); *Bruton v. Massanari*, 268 F.3d 824, 828 (9th Cir.

14-35935

2001) (explaining that ALJ properly rejected claimant testimony when past work was inconsistent with alleged impairments). Any error in relying on additional reasons was harmless because the ALJ provided several clear and convincing reasons supported by substantial evidence to reject Bramble's testimony. *See Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1197 (9th Cir. 2004).

The ALJ provided germane reasons for rejecting the lay testimony of Addi Flanigan based on inconsistencies with the medical record and Bramble's daily activities. *See Bayliss*, 427 F.3d at 1218.

The threshold inquiry of the credit-as-true rule is met here because the ALJ made legal errors by failing to consider whether Bramble's ADHD was a severe mental impairment at step two and failing to make adequate factual findings at step four. *See Dominguez v. Colvin*, 808 F.3d 403, 408 (9th Cir. 2015). However, the district court did not abuse its discretion in remanding for further proceedings because the record is not fully developed and there are outstanding issues concerning whether Bramble had a severe mental impairment, whether Bramble can return to his past work, and whether Bramble can perform any additional jobs in the national economy. *See Dominguez*, 808 F.3d at 408-09 (remanding for further proceedings despite ALJ legal error in discrediting evidence because outstanding issues remained to be resolved prior to a determination of disability); *Treichler*, 775 F.3d at 1105.

4                                                    14-35935

**AFFIRMED.**