NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

AUG 28 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SOREN A. STIEHL, | No. 14-35718 |
| Plaintiff-Appellant, | D.C. No. 1:13-cv-00237-AA |
| v. | |
| NANCY A. BERRYHILL, Acting Commissioner Social Security, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Oregon
Ann L. Aiken, District Judge, Presiding

Submitted August 25, 2017[**]

Before:     NELSON, TROTT, and SILVERMAN, Circuit Judges.

Soren Stiehl appeals the district court's judgment affirming the

Commissioner of Social Security's denial of Stiehl's application for supplemental

security income under Title XVI of the Social Security Act. Stiehl alleged

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

disability due to various mental and physical impairments. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012), and we reverse and remand for further proceedings.

The Administrative Law Judge ("ALJ") erred by rejecting the contradicted opinion of Stiehl's treating psychologist, Dr. Greene, without providing "specific and legitimate reasons supported by substantial evidence." *Orn v. Astrue*, 495 F.3d 625, 632 (9th Cir. 2007) (internal citations and quotations omitted). The ALJ gave no weight to the mental RFC report that Dr. Greene completed in June 2011, reasoning that the mental RFC report was inconsistent with Dr. Greene's January 2011 report which found "only moderate difficulty in social, occupational, or school functioning." The ALJ also explained that Dr. Greene's mental RFC report failed to describe the four incidents of decompensation that Dr. Greene claimed Stiehl suffered. The ALJ's reasoning is not supported by substantial evidence in the record as a whole.

First, Dr. Greene's January report described results of several neuropsychological tests, including findings of "extremely low processing speed index, 0.3%ile," "extremely low range bilaterally" on a test of fine motor speed, and "severely impaired executive functioning." The ALJ's finding of only moderate limitations was based entirely on a single GAF score contained in the January report, which the ALJ improperly relied upon to reject Dr. Greene's

14-35718

mental RFC report. *See Ghanim v. Colvin*, 763 F.3d 1154, 1161-62 (9th Cir. 2014) (concluding that the ALJ improperly rejected a treating physician's opinion based on isolated notes of improved mood and energy level when the overall diagnostic picture of the treatment notes was far more severe). Moreover, Dr. Greene's October letter, submitted to and considered by the Appeals Council, explained that the GAF score was assigned for treatment purposes and was not inconsistent with the conclusions in the mental RFC report. *See Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1160 (9th Cir. 2012) (holding that when the appeals council considers new evidence, that evidence becomes part of the record and this court must consider it "in determining whether the Commissioner's decision is not supported by substantial evidence").

Second, Dr. Greene's October letter clarified that her conclusions regarding episodes of decompensation in the mental RFC report were based on her findings from the January report regarding PTSD and anxiety. Based on the full record before this Court, substantial evidence does not support the ALJ's reasoning that Dr. Greene failed to describe the source of her conclusions regarding episodes of decompensation. *See Ghanim*, 763 F.3d at 1161-62. The Commissioner contends that the ALJ could reject Dr. Greene's explanation for episodes of decompensation because the explanation was based on Stiehl's unreliable self-reports. This contention lacks merit because this Court can only review the ALJ's decision

3                                                    14-35718

based on the reasoning and factual findings offered by the ALJ. *See Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1225-26 (9th Cir. 2009). Because the ALJ's finding that Stiehl did not meet listing 12.06 depended on the ALJ's improper rejection of Dr. Greene's mental RFC report, the ALJ should reconsider this finding on remand if necessary.

The ALJ erred by giving less than full weight to Stiehl's testimony regarding the intensity and limiting effects of his symptoms. Because the ALJ found that medically determinable impairments could reasonably be expected to cause Stiehl's symptoms and no evidence of malingering, the ALJ was required to offer specific, clear, and convincing reasons for rejecting Stiehl's testimony. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). The ALJ reasoned that "the medical evidence of record reflects on irregular treatment for the claimant's mental impairments [and] no treating provider offered a functional assessment of the claimant's mental residual functional capacity." The ALJ improperly relied on Stiehl's lack of treatment to reject his testimony without discussing evidence in the record showing that Stiehl could not afford treatment and missed medical appointments due to cognitive issues. *See Orn*, 495 F.3d at 638 (concluding that an ALJ must consider evidence in the record explaining lack of treatment before relying on lack of treatment to discredit claimant testimony).

We reverse and remand for further administrative proceedings, including

consideration of Dr. Greene's opinions, Dr. Greene's October letter submitted to the Appeals Council, and Stiehl's testimony regarding the intensity and limiting effects of his symptoms. *See Dominguez v. Colvin*, 808 F.3d 403, 408-09 (9th Cir. 2015) (remanding to the ALJ for further proceedings to resolve outstanding issues in the record).

**REVERSED AND REMANDED.**