**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LORRAINE DEE PETERSON, | No.    15-35419 |
| Plaintiff-Appellant, | D.C. No. 3:14-cv-00084-RRB |
| v. | |
| CAROLYN W. COLVIN, Commissioner of Social Security Administration, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Alaska
Ralph R. Beistline, District Judge, Presiding

Argued and Submitted August 3, 2016
Anchorage, Alaska

Before: FISHER, PAEZ and HURWITZ, Circuit Judges.

Lorraine Peterson appeals the district court's judgment affirming the ALJ's

denial of her application for disability insurance benefits and supplemental security

income under Titles II and XVI of the Social Security Act.  We have jurisdiction

under 28 U.S.C. § 1291, and we reverse.

---

[*]This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

The ALJ improperly discounted the opinion of Peterson's treating physician, Dr. Teresa Bormann. "A treating physician's opinion is entitled to 'substantial weight.'" *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1228 (9th Cir. 2009) (quoting *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988)). "When evidence in the record contradicts the opinion of a treating physician, the ALJ must present 'specific and legitimate reasons' for discounting the treating physician's opinion, supported by substantial evidence." *Id.* (quoting *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995)). Here, the ALJ stated Dr. Bormann's opinion was "not consistent with the objective medical evidence and the claimant's activities," but failed to specifically identify *any* objective medical evidence or activities that undermine Dr. Bormann's opinion. The ALJ mentioned only another physician's recommendation that Peterson exercise, but that does not undermine Dr. Bormann's opinion, which, while endorsing some significant physical limitations, never indicates Peterson should *not* exercise. The Commissioner's attempt to rehabilitate the ALJ's conclusion on appeal by offering several post hoc rationales is unavailing. We "review the ALJ's decision based on the reasoning and factual findings offered by the ALJ – not *post hoc* rationalizations that attempt to intuit what the adjudicator may have been thinking." *Id*. at 1225.

2

In certain circumstances, we may exercise our discretion to remand with instructions to grant benefits. *See Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2015). This is such a case. The record in this case is fully developed. *See id.* The government has not established that evidence in the record "'casts into serious doubt' the claimant's claim to be disabled." *Id.* (quoting *Burrell v. Colvin*, 775 F.3d 1133, 1141 (9th Cir. 2014)). And, the testimony of the vocational expert establishes that, crediting Dr. Bormann's opinion, Peterson could not perform jobs existing in significant numbers in the national economy. Because "the ALJ would necessarily have to conclude" that Peterson is disabled, we exercise our discretion to remand with instructions that the district court remand to the Commissioner for payment of benefits. *Id.*

**REVERSED AND REMANDED.**