NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BONNIE MAY HAMILTON-CARNEAL, | No. 14-15398 |
| Plaintiff - Appellant, | D.C. No. 2:13-cv-00799-SRB |
| v. | |
| CAROLYN W. COLVIN, Commissioner of Social Security Administration, | MEMORANDUM* |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Arizona
Susan R. Bolton, District Judge, Presiding

Submitted March 14, 2016**
San Francisco, California

Before: KLEINFELD, RAWLINSON, and HURWITZ, Circuit Judges.

Bonnie May Hamilton-Carneal appeals the district court's order affirming the

denial by the Commissioner of Social Security of her application for disability

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

insurance benefits. We vacate and remand with instructions to remand to the agency for further proceedings.

1. Hamilton-Carneal was diagnosed with fibromyalgia by her treating physician. Fibromyalgia "is poorly-understood within much of the medical community." *Benecke v. Barnhart*, 379 F.3d 587, 590 (9th Cir. 2004). "The disease is diagnosed entirely on the basis of patients' reports of pain and other symptoms;" "there are no laboratory tests to confirm the diagnosis." *Id.*; *see also Rounds v. Comm'r*, 807 F.3d 996, 1000 n.3 (9th Cir. 2015). The ALJ therefore erred by discounting Hamilton-Carneal's "subjective complaints and limitations" as "simply out of proportion to and not corroborated by the objective medical evidence."

2. The ALJ provided other reasons for discounting Hamilton-Carneal's reports of pain. For example, she noted that Hamilton-Carneal "voluntarily deferred recommended treatment." *See Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008) (affirming an ALJ's decision to discredit pain testimony in part because the claimant did not "seek an aggressive treatment program"). We therefore decline to credit Hamilton-Carneal's testimony as true. *See Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2016). But the ALJ's decision indicates that the absence of "objective medical evidence" was a central factor in her determination that Hamilton-Carneal was not credible. We also therefore cannot conclude that the

error was harmless. *See Carmickle v. Comm'r*, 533 F.3d 1155, 1162 (9th Cir. 2008); *Stout v. Comm'r*, 454 F.3d 1050, 1056 (9th Cir. 2006).

**VACATED AND REMANDED.** Each party shall bear its own costs.

FILED

NOV 10 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

KLEINFELD, Senior Circuit Judge, dissenting:


I would affirm. Social Security Ruling 12-2p mandated that the ALJ should compare objective medical evidence to Hamilton-Carneal's subjective complaints. Though laboratory tests may not be useful to diagnose fibromyalgia, see Benecke v. Barnhart, 379 F.3d 587, 590 (9th Cir. 2004), there was objective medical evidence contradicting Hamilton-Carneal's testimony. For example, Hamilton-Carneal's treating rheumatologists observed she had a normal gait, full range of motion, and no weakness in her hands. Neurological testing confirmed her full musculoskeletal functioning. And Hamilton-Carneal demonstrated tenderness in only ten out of eighteen points, below the threshold for a fibromyalgia diagnosis according to the agency's standards. See SSR 12-2p. Though we review the district court de novo, we should not ignore the district court's cogent reasons for affirming the ALJ.