**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DAVID H. KHAL,

            Plaintiff-Appellant,

v.

NANCY A. BERRYHILL, Acting
Commissioner of Social Security,

            Defendant-Appellee.

No.    15-35751

D.C. No. 3:14-cv-01361-AA

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Ann L. Aiken, District Judge, Presiding

Submitted April 27, 2017[**]

Before:    GOODWIN, LEAVY, and SILVERMAN, Circuit Judges.

David H. Khal appeals the district court's judgment affirming the

Commissioner of Social Security's denial of Khal's application for disability

insurance benefits under Title II of the Social Security Act.  We have jurisdiction

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

under 28 U.S.C. § 1291.  We review the district court's decision de novo, *Ghanim v. Colvin*, 763 F.3d 1154, 1159 (9th Cir. 2014), and we affirm.

Khal contends that the administrative law judge ("ALJ") improperly rejected the opinion of one of Khal's treating physicians, Paul Puziss, M.D.  We disagree. Dr. Puziss's opinion that Khal could not work was contradicted by the opinions of two reviewing physicians, who concluded that Khal could perform work with certain restrictions.  *See Dominguez v. Colvin*, 808 F.3d 403, 406-07 (9th Cir. 2015), *as amended* (Feb. 5, 2016) ("Under our precedent, if a treating doctor's opinion is contradicted by other medical evidence in the record, the ALJ may reject this opinion only by 'providing specific and legitimate reasons supported by substantial evidence.'" (quoting *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005)).  The ALJ properly identified two reasons for giving little weight to Dr. Puziss's opinion: (1) the impartial vocational expert's opinion that Khal had transferrable skills from his past relevant work that rendered Khal able to perform the sedentary occupation of information clerk in a hospital setting was more persuasive and, thus, entitled to more weight; and (2) Dr. Puziss's opinion that Khal was "probably incapable of any kind of work" was equivocal, rendering Dr. Puzzis's opinion less compelling.  *See McLeod v. Astrue*, 640 F.3d 881, 884 (9th Cir. 2011) (affirming the ALJ's rejection of medical opinion that claimant "could

2

not work at all" because "this determination is for the Social Security Administration to make, not a physician"); *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (deferring to the ALJ weighing of two medical opinions, one of which was equivocal, and explaining that "the ALJ is the final arbiter with respect to resolving ambiguities in the medical evidence").

Additionally, the ALJ identified three clear and convincing reasons for giving less weight to Dr. Puziss's 2010 assessment of Khal's residual functional capacity: (1) it was offered two years after Khal's date last insured and was not specifically limited to the relevant time period; (2) it was inconsistent with other information in the record; and (3) it was not supported by Dr. Puziss's examination findings from December 2004 and March 2005. *See Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir. 2001) (affirming an ALJ's rejection of a treating physician's opinion that imposed restrictions that appeared inconsistent with the claimant's daily activities); *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 601 (9th Cir. 1999) (finding that substantial evidence supported an ALJ's discounting of a physician's reports that did not show how the claimant's "symptoms translate into specific functional deficits which preclude work activity").

3

Khal contends that the ALJ improperly rejected both his symptom testimony and the lay witness testimony of his wife. We disagree. The ALJ provided three specific, clear and convincing reasons for finding Khal's symptoms testimony less than fully credible: (1) inconsistent physical activities; (2) inconsistent reporting of limitations; and (3) failure comply with prescribed medical treatments. *See Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012) (listing factors an ALJ may consider in weighing a claimant's credibility, including inconsistencies between testimony and conduct, daily activities, and an inadequately explained failure to follow a prescribed course of treatment); *Tommasetti*, 533 F.3d at 1040 (affirming an ALJ's inference that a claimant was not as physically limited as he purported to be from his ability to travel to Venezuela for an extended time). It was clearly erroneous for the ALJ to have relied on how Khal lawfully structured his business to reduce his tax liability, in the absence of any showing that he did anything illegal or improper. However, this error was harmless because the remaining reasons the ALJ provided for finding Khal less than fully credible are specific, clear and convincing and are supported by substantial evidence. *See Carmickle v. Comm'r Soc. Sec.*, 533 F.3d 1155, 1162–63 (9th Cir. 2008). Moreover, because the lay testimony of Khal's wife regarding her husband's functional limitations was very similar to Khal's own symptom testimony, the specific, clear and

4

convincing reasons the ALJ provided to find Khal less than fully credible also constitute germane reasons to find Mrs. Khal's lay testimony less than fully credible. *Molina*, 674 F.3d at 1114; *Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 694 (9th Cir. 2009).

Because the ALJ did not err in giving little weight to Dr. Puziss's opinions or to the testimony of Khal and his wife, the ALJ's residual functional capacity assessment properly relies on an assessment of all the credible, relevant evidence, *see* 20 C.F.R. §§ 404.1545(a), 416.945(a), and the hypothetical posed to the vocational expert included all relevant limitations. *See Osenbrock v. Apfel*, 240 F.3d 1157, 1163 (9th Cir 2001).

Finally, Khal contends that the ALJ's Step 5 determination is flawed because the ALJ improperly determined that Khal has transferable skills related to the performance of a single occupation. We disagree. The ALJ did not err in relying on the existence of a single sedentary occupation to find Khal not disabled at step five of the sequential evaluation process. In *Tommasetti,* we declined "to extend *Lounsbury*'s definition of 'significant range,' which pertains to a *light* work analysis" to a case that, like Khal's, involved a sedentary work analysis. *Tommasetti*, 533 F.3d at 1044 (explaining that *Lounsbury v. Barnhart*, 468 F.3d 1111 (9th Cir. 2006), "is distinguishable because it involved a different grid rule

that was based on light exertion (Rule 202.07), whereas this case involves a grid rule based on sedentary exertion (Rule 201.07)"). The ALJ permissibly relied on the vocational expert's testimony to conclude that Khal's highly skilled past relevant work as a chiropractor could be expected to equip him with skills transferable to performance of the job of information clerk at a high degree of proficiency with a minimal amount of job orientation. *See id.* at 1042-43; *see also Johnson v. Shalala*, 60 F.3d 1428, 1435 (9th Cir. 1995) ("The Secretary may take administrative notice of any reliable job information, including . . . the services of a vocational expert." (internal quotation marks and citations omitted)).

**AFFIRMED.**