**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JANINE BUELL, | No.    14-35874 |
| Plaintiff-Appellant, | D.C. No. 6:13-cv-01794-AA |
| v. | |
| NANCY A. BERRYHILL, Acting Commissioner Social Security, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Oregon
Ann Aiken, Chief District Judge, Presiding

Submitted November 22, 2017[**]

Before: THOMAS, Chief Judge, and TROTT and SILVERMAN, Circuit Judges.

Janine Buell appeals the district court's affirmance of the Commissioner of

Social Security's denial of her application for disability insurance benefits under

Titles II and XVI of the Social Security Act. We have jurisdiction under 28 U.S.C.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

§ 1291 and 42 U.S.C. § 405(g). We review de novo, *Attmore v. Colvin*, 827 F.3d 872, 875 (9th Cir. 2016), and we reverse and remand for further proceedings.

The administrative law judge ("ALJ") did not support with substantial evidence his finding under Step Two of the sequential analysis that the constellation of Buell's fibromyalgia symptoms failed to amount to a severe medically determinable impairment ("MDI"). The ALJ found that the medical evidence in the record (1) did not fulfill the American College of Rheumatology's ("ACR's") diagnostic criteria for fibromyalgia, and (2) that there was no evidence of a proper tender point test. However, examining physician Dr. Nolan determined that Buell suffered from fibromyalgia based on a clinical finding that she exhibited fourteen tender points, three more than necessary to support his opinion. He located bilateral "local tenderness" involving the mid trapezius and scalene areas (two points each), the infrascapular area (two points), the intercostal area (two points), the lateral epicondyles (two points), the trochanteric area (two points), and the sternocleidomastoid muscle (two points), for a total of fourteen points. This evidence, combined with other medical evidence of record indicating Buell's history of widespread pain and that other disorders that could cause similar symptoms had been excluded, conform to the ACR's diagnostic requirements. *See*

SSR 12-2P, 2012 WL 3104869, at *2-3 (July 25, 2012) (summarizing ACR guidelines for diagnosing fibromyalgia).

The ALJ stated in support of his decision that Dr. Nolan noted "a number of positive Waddell's signs," which may indicate non-organic sources of back pain. The ALJ relied on this information to discount Dr. Nolan's opinion. However, Dr. Nolan's exam identified just two Waddell's signs. Only a finding of three or more is considered "clinically significant," such that these signs can weigh against a diagnosis of fibromyalgia. *See* Gordon Waddell et al., *Nonorganic Physical Signs in Low-Back Pain*, 5 Spine 117, 118 (Mar.-Apr. 1980); *accord Reinertson v. Barnhart*, 127 F. App'x. 285, 289 (9th Cir. 2005). As a result, this was not a clear and convincing reason supported by substantial evidence for discounting Dr. Nolan's diagnosis. *See Carmickle v. Comm'r, Soc. Sec. Admin.,* 533 F.3d 1155, 1164 (9th Cir. 2008).

The ALJ also did not afford Dr. Nolan's fibromyalgia diagnosis[1] weight because the diagnosis was made based upon Buell's self-reported symptoms and responses, and the ALJ found Buell's description of her symptoms was not fully credible. However, fibromyalgia "is diagnosed entirely on the basis of patients'

---

[1] We do not accept the Commissioner's suggestion that Dr. Nolan's opinion is less than a diagnosis.

reports of pain and other symptoms." *Benecke v. Barnhart*, 379 F.3d 587, 590 (9th Cir. 2004). Therefore, Dr. Nolan appropriately relied upon Buell's reports in diagnosing Buell with fibromyalgia, and the fact that he did so is not a clear and convincing reason for discrediting his diagnosis. *See Carmickle,* 533 F.3d at 1164.

Moreover, the ALJ arrived at his adverse credibility finding after first determining at Step Two that Buell did not have a fibromyalgia-related severe MDI. If the ALJ had in front of him a valid diagnosis of fibromyalgia, it stands to reason that Buell's symptoms and behavior would have appeared in a different and more favorable light. Accordingly, we vacate the ALJ's adverse credibility finding without prejudice to revisiting this issue on remand.

The ALJ's unsupported finding at Step Two does not amount to harmless error because it affected the ALJ's determinations in subsequent steps of the sequential analysis and may have influenced the ultimate determination of Buell's nondisability status. Under Step Three, the ALJ found Buell's impairments did not meet or equal a listed impairment. Because the ALJ improperly found Buell's fibromyalgia was not a severe MDI, he also did not analyze under Step Three whether Buell's fibromyalgia, coupled with other impairments, medically equaled a listed impairment. *See* SSR 12-2P, 2012 WL 3104869, at *6 (explaining fibromyalgia is not a listed impairment, and so ALJs determine whether it equals a

4

listed impairment). Thus, the ALJ's error in not supporting with substantial evidence his finding that Buell's fibromyalgia did not constitute a MDI was not "inconsequential to the ultimate nondisability determination" and, as a result, was not harmless. *See Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012).

The ALJ's error at Step Two may have affected the Residual Functioning Capacity ("RFC") analysis as well. If the ALJ had properly analyzed the fibromyalgia-related evidence, it may have been necessary for him to examine, under Step Three, whether Buell's fibromyalgia medically equaled a listed impairment. In turn, if the ALJ had found Buell's fibromyalgia equaled a listed impairment, inquiry into Buell's RFC would have been superfluous. *See Kennedy v. Colvin*, 738 F.3d 1172, 1174-75 (9th Cir. 2013) (explaining that if the ALJ finds a claimant's impairments meet or equal a listed impairment under Step Three, "the claimant is considered disabled and benefits are awarded, ending the inquiry"). Because the ALJ's error may have influenced the outcome of the case by leading the ALJ to proceed unnecessarily to Step Four, it was not harmless. *See Molina*, 674 F.3d at 1115.

Buell does not satisfy the credit-as-true rule, which requires that the record already be fully developed with "no outstanding issues to be resolved," as the issue

of evaluating Buell's fibromyalgia evidence remains. *See Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2015).

**REVERSED AND REMANDED.**