NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 20 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JESSIE MAE FIELD, Plaintiff-Appellant, v. ANDREW M. SAUL, Commissioner of Social Security, Defendant-Appellee. | No. 18-15931 D.C. No. 2:16-cv-04370-SPL MEMORANDUM* |

Appeal from the United States District Court
for the District of Arizona
Steven Paul Logan, District Judge, Presiding

Argued and Submitted February 3, 2020
Phoenix, Arizona

Before: GRABER, HURWITZ, and MILLER, Circuit Judges.

Jessie Mae Field appeals from the district court's judgment affirming the

Social Security Administration's denial of her application for disability benefits.

We have jurisdiction under 28 U.S.C. § 1291, and we reverse and remand for

further proceedings.

1.      The Administrative Law Judge (ALJ) erred in rejecting the medical

---

*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

opinions offered by Dr. Baldonado, Field's treating physician; and Dr. Timbadia, a state examining physician. Social Security regulations require ALJs to assign more weight to the opinions of treating and examining physicians than to those of nonexamining physicians. *See* 20 C.F.R. § 404.1527(c)(1)–(2). The parties agree that, if credited, the sitting limitations to which Dr. Baldonado and Dr. Timbadia opined would require a finding that Field is disabled. But the ALJ instead credited the opinions of two nonexamining physicians, Dr. Kurtin and Dr. Meites, who opined that Field required less restrictive limitations.

The ALJ did not give "specific and legitimate reasons" for rejecting the opinions of Dr. Baldonado and Dr. Timbadia as to Field's sitting limitations. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). The Commissioner concedes that two of the reasons the ALJ offered—that Dr. Baldonado was not a specialist, and that Dr. Baldonado's opinion conflicted with Field's testimony about medication side effects—were erroneous. We conclude that the other reasons offered by the ALJ were also flawed. The ALJ faulted Dr. Baldonado and Dr. Timbadia for insufficiently explaining Field's assessed sitting limitations, but the opinions of Dr. Kurtin and Dr. Meites were equally lacking in explanation. And the ALJ found that nothing in the treatment or examination notes supported the opinions of Dr. Baldonado and Dr. Timbadia, but significant record evidence substantiates Field's severe back and leg pain, including physical examination

results, positive MRI results, and indications of decreased range of motion and sensation. It may be that the medical evidence could reasonably be interpreted to show that Field is not disabled. But two doctors to whom the regulations require deference disagreed and, on this record, we cannot uphold the ALJ's decision to invert the regulatory hierarchy.

2.    Field's remaining challenges to the ALJ's decision are unavailing. The ALJ reasonably rejected Field's subjective pain testimony because, among other reasons, she testified inconsistently about the extent and severity of her limitations. Field offers no authority to support the proposition that because the ALJ found her hearing loss to be a severe impairment at step two of the five-step analysis, the ALJ was required to assess disabling limitations in determining Field's residual functional capacity. *Cf. Hoopai v. Astrue*, 499 F.3d 1071, 1076 (9th Cir. 2007) (explaining that the step two and step five determinations "require different levels of severity of limitations"). And substantial evidence supports the ALJ's determination that Field's hearing loss required only minimal work restrictions.

3.    Finally, we remand on an open record, not for a calculation of benefits. Here, we cannot say that "further administrative proceedings would serve no useful purpose." *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014). Although the ALJ's reasons for rejecting the opinions of Dr. Baldonado and Dr.

3

Timbadia were inadequate, the opinions of Dr. Kurtin and Dr. Meites are equally unhelpful. The record thus contains four competing medical opinions with little reason to choose one over the other—in other words, the record presents the type of "inconsistenc[y]" that we have previously said is "exactly the sort of issue[] that should be remanded to the agency for further proceedings." *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1105 (9th Cir. 2014). On remand, the parties and the ALJ can further develop the record. *See Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2015) (upon finding error, a reviewing court must determine whether the record has been "fully developed" such that it "is free from conflicts and ambiguities" and, if not, must remand on an open record).

**REVERSED and REMANDED**.