**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

KERRY ALLEN JOHNSON,

Plaintiff-Appellant,

v.

ANDREW M. SAUL, Commissioner of
Social Security,

Defendant-Appellee.

No.   20-35038

D.C. No. 3:18-cv-01152-MC

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Michael J. McShane, District Judge, Presiding

Argued and Submitted March 3, 2021
Portland, Oregon

Before:  PAEZ and WATFORD, Circuit Judges, and TUNHEIM,[**] District Judge.

Kerry Johnson appeals from the district court's order affirming the

administrative law judge's decision denying his application for disability insurance

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The Honorable John R. Tunheim, Chief United States District Judge
for the District of Minnesota, sitting by designation.

benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401–34. We reverse and remand for further proceedings.

**1.** The administrative law judge (ALJ) erred at step 2 in concluding that Johnson's alleged carpal tunnel syndrome (CTS) and shoulder pain were not medically determinable impairments. The ALJ reasoned that Johnson lacked a diagnosis and laboratory tests verifying these conditions, and that Johnson had not sought treatment for CTS from a healthcare provider. In our view, however, the medical opinion of Dr. Nicholas Branting, an examining physician, provided the "objective medical evidence from an acceptable medical source" necessary to establish a medically determinable impairment. 20 C.F.R. § 404.1521.

Dr. Branting provided the sole report from an examining physician in the record. With regard to the alleged CTS, Dr. Branting observed that Johnson had difficulty gripping small objects and had decreased sensation to touch. He noted a positive Tinel's test and a positive Phalen's test, both with numbness and pain in two fingers. With regard to the alleged shoulder pain, Dr. Branting observed a limited range of motion in the shoulder joints. In the "Diagnoses" section of his report, Dr. Branting concluded that Johnson "likely has bilateral carpal tunnel syndrome and likely has some mild degenerative joint disease of the bilateral glenohumeral joints."

The ALJ concluded that this report failed to provide a diagnosis of CTS and bilateral glenohumeral degenerative joint disease. We disagree. That Dr. Branting initially described these diagnoses as "likely" does not disqualify them as diagnoses provided by an acceptable medical source, *see* 20 C.F.R. § 404.1521, especially given that he later cited these diagnoses without qualification in justifying his recommended functional limitations.

Our decision in *Ukolov v. Barnhart*, 420 F.3d 1002 (9th Cir. 2005), does not undermine this conclusion. In that case, the physician's notes stated that she had "not been able to establish a definite [] diagnosis" and there was little objective medical evidence in the record. *See id.* at 1004–06. Here, in addition to providing what he termed a "diagnosis," Dr. Branting performed at least two medical tests (the Tinel's and Phalen's tests) and recorded medical "signs" consistent with CTS. *See* 20 C.F.R. § 404.1502(g) (defining "signs"). He likewise observed medical signs consistent with shoulder pain, and neither diagnosis relied solely on Johnson's self-reported symptoms. That is sufficient to provide the objective medical evidence from an acceptable medical source necessary to conclude that an impairment is medically determinable, and SSR 96-4p did not require more. *See* 20 C.F.R. § 404.1502(f) (defining "objective medical evidence" as "signs, laboratory findings, or both"); *id.* § 404.1521; *see also* SSR 96-4p, 1996 WL 374187, at *1–2 (July 2, 1996) (emphasizing that symptoms alone cannot establish

an impairment and reiterating that an impairment is based on objective medical evidence).

The ALJ's observation that Johnson failed to seek treatment for his CTS does not provide an adequate basis for rejecting Dr. Branting's diagnosis. While a failure to seek treatment may be relevant in assessing a claimant's application for disability, an ALJ cannot deny benefits because of the claimant's inability to afford treatment. *See Orn v. Astrue*, 495 F.3d 625, 638 (9th Cir. 2007). Although Johnson did not explicitly cite his inability to pay as a reason he did not seek treatment, he stated that he did not have medical insurance and therefore had to pay out-of-pocket for medical care, and he repeatedly emphasized his limited financial resources in his function report. This calls into question the propriety of the ALJ's reliance on Johnson's lack of treatment in evaluating Dr. Branting's opinion. In any event, the lack of evidence of treatment in the record is not, on its own, sufficient to provide the "clear and convincing" reasons required to reject the opinion of an examining physician. *See Lester v. Chater*, 81 F.3d 821, 830–31 (9th Cir. 1995).

**2.** The ALJ also erred in giving little weight to the opinions of Dr. Branting and the two reviewing physicians in assessing Johnson's residual functional capacity (RFC). The doctors unanimously concluded that Johnson is limited to performing only light exertional work. *See* 20 C.F.R. § 404.1567(b) (defining

"light work" as "lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds," which is consistent with Dr. Branting's recommended limitations on carrying and lifting). The ALJ rejected Dr. Branting's opinion because it was based on an impairment that the ALJ had found non-medically determinable. As discussed above, however, the ALJ was wrong to conclude that the CTS and shoulder pain were not medically determinable impairments. The ALJ's error at step 2 similarly undermined his rejection of the reviewing physicians' recommended limitations on the basis that those reports relied on Dr. Branting's report. Since Dr. Branting's report was not flawed in the way the ALJ suggested, the ALJ could not justify rejecting the reviewing physicians' reports for this reason.

The ALJ also found that all three doctors' opinions were not supported by the "relatively weak objective evidence" in the record and were inconsistent with the lack of significant treatment. These do not constitute "clear and convincing" reasons to reject Dr. Branting's opinion, especially since there is reason to question whether the ALJ properly considered the lack of treatment in the record. *See Lester*, 81 F.3d at 830–31. Accordingly, the ALJ's rejection of the doctors' unanimous recommended limitation to light work is not supported by substantial evidence.

**3.** We cannot declare these errors harmless because they were not "inconsequential" to the ultimate disability determination. *See Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006). Although the ALJ did include some limitations in the RFC that accounted for Johnson's CTS and shoulder pain, the ALJ improperly rejected the recommended limitation that would have had the greatest impact on Johnson's RFC: the limitation to light work. Since the record is relatively sparse and questions remain about (among other things) the onset date of Johnson's alleged disability, we remand for further proceedings. *See Dominguez v. Colvin*, 808 F.3d 403, 407, 409–10 (9th Cir. 2015).

**REVERSED and REMANDED.**