NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JUN 30 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| STEPHANIE RULE, | No. 20-35618 |
| Plaintiff-Appellant, | D.C. No. 4:19-cv-05053-EFS |
| v. | |
| ANDREW M. SAUL, Commissioner of Social Security, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Eastern District of Washington
Edward F. Shea, District Judge, Presiding

Argued and Submitted June 7, 2021
Seattle, Washington

Before: GOULD, CLIFTON, and MILLER, Circuit Judges.

Stephanie Rule appeals from the district court's order affirming a decision of

an administrative law judge (ALJ) denying disability insurance benefits and

supplemental security income under Titles II and XVI of the Social Security Act.

We have jurisdiction under 28 U.S.C. § 1291. We reverse and remand to the

district court with instructions to remand to the Social Security Administration for

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

further proceedings.

1.      Substantial evidence does not support the ALJ's decision to discount Dr. N.K. Marks's opinion. *See Smolen v. Chater*, 80 F.3d 1273, 1279 (9th Cir. 1996). Because Dr. Marks was an examining physician whose opinion was controverted only by the opinions of non-examining physicians, the ALJ had to provide specific and legitimate reasons to reject it. *Lester v. Chater*, 81 F.3d 821, 830–31 (9th Cir. 1995). The ALJ did not do so.

The ALJ discounted Dr. Marks's opinion on the ground that it was inconsistent with the results of Rule's mental-status exam. But Dr. Marks's findings that Rule's thought processes, memory, and concentration were within normal limits did not contradict her conclusions that Rule was markedly impaired in her ability to maintain a schedule, communicate with others in a work setting, or plan independently. Instead, Dr. Marks's conclusions were consistent with her findings that Rule was depressed, anxious, and distractible. The inconsistency that the ALJ identified is not supported by the record. *See Orn v. Astrue*, 495 F.3d 625, 635 (9th Cir. 2007).

The ALJ also discounted Dr. Marks's opinion on the basis that it was "rendered for DHS purposes" and thus likely to be "substantially based on [Rule's] self-reported symptoms and complaints." But an ALJ cannot reject an opinion based on the purpose for which it was obtained. *Lester*, 81 F.3d at 832. And

psychiatric opinions "will always depend in part on the patient's self-report." *Buck v. Berryhill*, 869 F.3d 1040, 1049 (9th Cir. 2017).

The ALJ's final reason for discounting Dr. Marks's opinion was that it was on a check-box form. But Dr. Marks's check-box markings were based on her review of Rule's medical history and her own detailed findings made during Rule's mental-status exam. *See Burrell v. Colvin*, 775 F.3d 1133, 1140 (9th Cir. 2014). Dr. Marks's use of a check-box form alone therefore was not a specific and legitimate reason for the ALJ to reject her opinion. *Trevizo v. Berryhill*, 871 F.3d 664, 677 n.4 (9th Cir. 2017).

Accordingly, the ALJ erred in rejecting Dr. Marks's opinion. He also erred in rejecting Dr. Rachel Carstens's opinion for the same invalid reasons.

2.      Substantial evidence also does not support the ALJ's decision to discount Dr. Manuel Gomes's opinion. The ALJ discounted Dr. Gomes's opinion because it was inconsistent with Dr. Lace's opinion, and because Dr. Lace had reviewed "the entire longitudinal record," but Dr. Gomes had not. While better familiarity with the record can be a specific and legitimate reason to credit one physician's opinion over another's, *see* 20 C.F.R. § 416.927(c)(6), Dr. Lace's opinion was contradicted by the record. Dr. Lace testified that Rule had not been hospitalized after February 2015, but the record shows that Rule has been hospitalized multiple times since that date. Dr. Lace's testimony was therefore not

3

a basis on which the ALJ could discount Dr. Gomes's opinion.

Also contrary to the ALJ's findings, Dr. Gomes's opinion was consistent with his own mental-status exam and Dr. Marks's mental-status exam. Both exams noted that Rule was anxious, depressed, and showed signs of stress. Dr. Gomes's opinion was not inconsistent with his observations that Rule was cooperative, had adequate hygiene, and could maintain proper eye contact. *See Revels v. Berryhill*, 874 F.3d 648, 663 (9th Cir. 2017). Nor was it inconsistent with Rule's "ability to attend to various responsibilities across the longitudinal period" when the record showed that Rule in fact struggled to fulfill her responsibilities, which led to, among other things, her giving up her foster children. And the ALJ could not reject Dr. Gomes's opinion for relying in part on Rule's subjective complaints when the opinion was a psychiatric evaluation that also relied on Rule's medical records and the results of a mental-status exam. *See Ryan v. Commissioner of Soc. Sec.*, 528 F.3d 1194, 1199–1200 (9th Cir. 2008).

Because none of the reasons the ALJ gave for rejecting Dr. Gomes's opinion was supported by substantial evidence, the ALJ erred in discounting his opinion.

3.      Substantial evidence does not support the ALJ's decision to discount nurse practitioner Daniel Pitts's opinion. Because Pitts's opinion qualified as an "other source" opinion, the ALJ needed to provide "germane reasons" to discount it. *Popa v. Berryhill*, 872 F.3d 901, 907 (9th Cir. 2017). The ALJ found Pitts's

treatment notes showing that Rule arrived on time and presented as calm and cooperative at many of her appointments inconsistent with his conclusion that Rule was severely limited in her ability to complete a workweek without interruptions from her psychological disorder. But these same treatment notes show that Rule failed to attend many of her scheduled appointments and, other times, arrived anxious and upset. When Pitts's treatment notes are "read in full and in context," they are consistent with his opinion. *Holohan v. Massanari*, 246 F.3d 1195, 1205 (9th Cir. 2001); *see also Garrison v. Colvin*, 759 F.3d 995, 1013–14 (9th Cir. 2014).

Pitts's opinion likewise was consistent with Dr. Gomes's and Dr. Marks's mental-status exams, which also noted that Rule was anxious and depressed. And Pitts's opinion that Rule would have difficulty maintaining attendance at work and staying on task is consistent with the record evidence that Rule failed to attend to many of her responsibilities, including regularly attending therapy with Pitts and his colleagues.

Because none of the ALJ's reasons for discounting Pitts's opinion was germane, the ALJ erred. *See Popa*, 872 F.3d at 907–08.

4.      The ALJ's decision to discount Dr. Marks's, Dr. Carstens's, Dr. Gomes's and nurse practitioner Pitts's medical opinions affected the ALJ's analysis at step three, in deciding whether Rule's impairments meet or equal one of

the listed impairments, *see* C.F.R. Pt. 404 Subpt. P, App. 1, and at step five, in determining Rule's mental residual functional capacity. The ALJ's errors were therefore prejudicial. *See Brown-Hunter v. Colvin*, 806 F.3d 487, 494 (9th Cir. 2015). While the improperly discounted opinions may suggest that Rule's anxiety and depression meet the listing requirements at step three, there are some ambiguities and inconsistencies in those opinions. We therefore remand to the district court with instructions to remand to the agency for further proceedings. *See Dominguez v. Colvin*, 808 F.3d 403, 408–10 (9th Cir. 2015).

On remand, the agency should reconsider at step three whether any of Rule's impairments equals a listing and, if necessary, reassess at step five whether Rule's mental impairments permit her to perform a job with significant numbers in the national economy. We do not consider whether the ALJ erred in discounting Rule's symptom testimony.

**REVERSED and REMANDED.**