**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JANETTE B. MCAULEY,

          Plaintiff-Appellant,

v.

KILOLO KIJAKAZI, Acting
Commissioner of Social Security,

          Defendant-Appellee.

No.   21-16334

D.C. No. 2:20-cv-01335-DJH

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
Diane J. Humetewa, District Judge, Presiding

Submitted June 14, 2022[**]
San Francisco, California

Before:  S.R. THOMAS, GOULD, and BEA, Circuit Judges.

     Plaintiff Janette McAuley appeals from the district court's order remanding

her case to the Social Security Administration ("SSA") for further administrative

proceedings.  We review the district court's decision for an abuse of discretion,

---

    [*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1098 (9th Cir. 2014), and we affirm. Because the parties are familiar with the history of this case, we need not recount it here.

On appeal, McAuley argues that the district court should have directed an award of benefits, rather than remanding for further administrative proceedings. In order to even have the discretion to credit testimony as true, and remand to the SSA for a direct award of benefits, a court first must determine that additional proceedings "would serve no useful purpose" because there are no outstanding "conflicts and ambiguities" in the record regarding the extent of the claimant's disabling limitations. *Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2015).

Here, the district court determined that such "conflicts and ambiguities" existed, citing inconsistencies in the medical records, performance status scores from multiple treating physicians indicating that McAuley could perform light work, and determinations by two separate state agency consulting physicians that McAuley is not disabled.

Given the record, it was not an abuse of discretion for the district court to conclude that additional administrative proceedings were warranted. *See Treichler*, 775 F.3d at 1104–05. Therefore, we affirm the judgment of the district court. We need not and do not address any other issues raised by the parties.

2

**AFFIRMED.**