NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

OCT 10 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KIRA N. DURBIN, | No. 24-5634 |
| Plaintiff - Appellant, | D.C. No. 2:22-cv-08046-SK |
| v. | |
| FRANK BISIGNANO, Commissioner of Social Security, | MEMORANDUM* |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Central District of California
Steve Kim, Magistrate Judge, Presiding

Submitted October 8, 2025**
Pasadena, California

Before: WARDLAW, GOULD, and KOH, Circuit Judges.

Kira Durbin appeals a district court order affirming the denial by an administrative law judge ("ALJ") of Durbin's claim for Disability Insurance Benefits and Supplementary Security Income under the Social Security Act.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

Because the parties are familiar with the facts, we do not repeat them here. We have jurisdiction under 28 U.S.C. § 1291.

"We 'review the district court's order affirming the ALJ's denial of social security benefits de novo, and will disturb the denial of benefits only if the decision contains legal error or is not supported by substantial evidence.'" *Kilpatrick v. Kijakazi*, 35 F.4th 1187, 1192 (9th Cir. 2022) (citation omitted).

1.      Where, as here, an ALJ determines that a claimant "has provided objective medical evidence of an underlying impairment which might reasonably produce the pain or other symptoms she alleges" and there is no evidence of malingering, "the ALJ may reject the claimant's testimony about the severity of those symptoms only by providing specific, clear, and convincing reasons for doing so.'" *Lambert v. Saul*, 980 F.3d 1266, 1277 (9th Cir. 2020) (internal quotation marks and citation omitted). To meet this standard, the ALJ must "articulate sufficient reasons for refusing to credit [the claimant's] testimony about the severity of her medical condition" by "identify[ing] the specific testimony that he discredited and explain[ing] the evidence undermining it." *Id.* at 1268.

The ALJ failed to articulate specific, clear, and convincing reasons for rejecting Durbin's symptom testimony. Rather than identify specific pieces of evidence in the record contradicting specific symptom testimony, the ALJ provided a generic statement that Durbin's allegations "concerning the intensity, persistence

2                                                    24-5634

and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision," followed by a lengthy summary of Durbin's medical history. We have repeatedly found that this type of analysis fails to satisfy the "clear and convincing" standard. *See Lambert*, 980 F.3d at 1277 (holding that a "boilerplate statement," accompanied by "a relatively detailed overview of [the claimant's] medical history," was insufficient); *see also Brown-Hunter v. Colvin*, 806 F.3d 487, 494 (9th Cir. 2015) (similar).

Although the ALJ cited several instances in which Durbin's test results were normal and her clinical examinations were "unremarkable," the ALJ failed to explain which pieces of evidence contradicted which of Durbin's claimed symptoms, as is required. *See Ferguson v. O'Malley*, 95 F.4th 1194, 1200 (9th Cir. 2024) (holding that the ALJ erred in failing to explain how normal examination findings were inconsistent with the claimant's testimony about the severity of his headaches). Similarly, the ALJ did not adequately explain how Durbin's daily activities (namely, performing yardwork and owning a cat) were inconsistent with her alleged non-allergic sensitivities—sensitivities which the ALJ appeared to credit on step two of the sequential evaluation process and in his residual functional capacity determination. *See id.*; *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998) (holding that a claimant's daily activities may bear on the ALJ's

credibility determination, but "[o]nly if the level of activity [is] inconsistent with [the] Claimant's claimed limitations").

2.  The ALJ did not err in rejecting the medical opinion of nurse practitioner Anna Mangini ("NP Mangini"). Under the regulations in effect at the time Durbin filed her applications,[1] the ALJ was required to provide only "germane" reasons for rejecting the opinion of an "other source" such as a nurse practitioner. *See Dale v. Colvin*, 823 F.3d 941, 943 (9th Cir. 2016). The reasons given by the ALJ—that NP Mangini's assessments were self-contradictory and that the extreme limitations recommended were inconsistent with the medical evidence showing no abnormalities—were supported by substantial evidence and constitute "germane" reasons for rejecting NP Mangini's opinion. Substantial evidence also supports the ALJ's finding that the resubmission of NP Mangini's statements by a physician, Dr. Palliccia, two years after they were completed was insufficient to establish that the statements were an "acceptable medical source." *See Taylor v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1228, 1234 (9th Cir. 2011). As the ALJ

---

[1] In 2017, the rules regarding an ALJ's evaluation of medical evidence were revised, effective to claims filed on or after March 27, 2017. *See* Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 FR 5844-01, 2017 WL 168819 (Jan. 18, 2017). *Compare* 20 C.F.R. § 404.1527, *with* 20 C.F.R. § 404.1520c. Durbin filed her claims on June 15, 2015.

correctly noted, there is no evidence in the record of any treatment relationship between Durbin and Dr. Palliccia.

The reasons the ALJ gave for rejecting the opinions of Dr. Mendoza, however, fall short of what is required to reject the opinions of a treating or examining doctor. *See Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995).[2] The ALJ stated that Dr. Mendoza's opinions were "not consistent with his own treatment notes, which repeatedly indicated the claimant's nasal and swallowing symptoms were controlled." One of the sets of notes cited by the ALJ, however, does not belong to Dr. Mendoza at all but rather to another doctor. The other set of notes indicates that Durbin denied having respiratory symptoms, but the ALJ did not explain how that supports the ALJ's conclusion that Durbin's "nasal and swallowing symptoms were controlled."

3.      We decline to remand for award of benefits. *See* 42 U.S.C. § 405(g). Remanding with instructions to provide an award of benefits is only appropriate where, among other requirements, the record "is free from conflicts and ambiguities, 'and all essential factual issues have been resolved.'" *Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2015) (citation omitted). In light of the factual

---

[2] We need not decide whether the ALJ was required to give "clear and convincing," or only "specific and legitimate," reasons for rejecting Dr. Mendoza's opinion, as the ALJ's reasoning does not satisfy either standard. *See Lester*, 81 F.3d at 830.

ambiguities in the record, including whether Durbin's symptom testimony is consistent with the medical findings cited by the ALJ and with the record as a whole, remand for an award of benefits is inappropriate. *See id.* We therefore reverse the judgment of the district court with instructions to remand to the ALJ for further proceedings.

**REVERSED AND REMANDED.**