**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROBERT WILLIAM MOE, | No. 16-35505 |
| Plaintiff-Appellant, | D.C. No. 3:15-cv-05794-JRC |
| v. | |
| NANCY A. BERRYHILL, Acting Commissioner Social Security, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
J. Richard Creatura, Magistrate Judge, Presiding

Submitted April 19, 2018[**]

Before:     FARRIS, CANBY, and LEAVY, Circuit Judges

Robert Moe appeals the district court's decision affirming the Commissioner

of Social Security's denial of Moe's application for disability insurance benefits

and supplemental security income under Titles II and XVI of the Social Security

Act. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Brown-*

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015). We reverse the district court's judgment with instructions to remand to the ALJ for the calculation and award of benefits.

The ALJ failed to provide specific and legitimate reasons supported by substantial evidence to give only some weight or little weight to the opinions of four examining doctors (Brown, Krueger, Wheeler and McCullom) that supported Moe's claims of disability while according great weight to the largely conflicting opinion of the doctor (Quinci) who examined Moe on a single occasion. *See Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014).

The ALJ erred in discounting Dr. Brown's opinions on the ground that they were conducted for the purposes of state rather than federal disability. *See Lester v. Chater*, 81 F.3d 821, 832 (9th Cir. 1995) ("The purpose for which medical reports are obtained does not provide a legitimate basis for rejecting them."). The fact that Dr. Brown examined Moe only twice was not a sufficient reason for discounting his opinion. *See Garrison*, 759 F.3d at 1012 (explaining that the ALJ needs to provide specific and legitimate reasons to reject the opinion of an examining physician). It was improper for the ALJ to rely on isolated signs of improvement from the Willapa Counseling progress notes to discredit Dr. Brown's opinion when the Willapa Counseling progress notes as a whole showed persistent symptoms of paranoia and PTSD. *See Garrison*, 759 F.3d at 1018 (reasoning that the ALJ

cannot rely on isolated evidence of improvement when the record as a whole shows continuing cycles of debilitating and less severe symptoms). This error was repeated with regard to the opinions of three other examining doctors, as well as testimony of the lay witnesses and of Moe himself. Substantial evidence does not support the ALJ's repeated reasoning regarding use of drugs and alcohol; no medical provider concluded that substance use contributed to any of Moe's mental health impairments.

The ALJ improperly limited the effect of Dr. Krueger's opinion diagnosing Moe with PTSD because it was based on a one-time examination and proffered some limitations that would last 12 months at most. *See Ludwig v. Astrue*, 681 F.3d 1047, 1048 n.1 (9th Cir. 2012) (explaining that the Social Security Act requires an impairment to last "for a continuous period of not less than 12 months"). The ALJ erred in concluding that Dr. Krueger's opinion was based largely on Moe's self-reports because Dr. Krueger also relied on clinical observations and testing, including a full mental status examination. *See Buck v. Berryhill*, 869 F.3d 1040, 1049 (9th Cir. 2017) (explaining that a medical opinion does not rely on a claimant's self-reports when it includes a full clinical interview and mental status examination).

The ALJ erred in rejecting Dr. Wheeler's opinions as being based on Moe's self-reports because Dr. Wheeler properly incorporated Moe's self-reports into

3                                                                                  16-35505

complete mental status examinations. *See Buck*, 869 F.3d at 1049. Substantial evidence does not support the ALJ's reasoning that the narrative portion of Dr. Wheeler's reports was inconsistent with her opinions.

The ALJ improperly discounted Dr. McCollum's opinion on the ground that Moe's cognitive performance on the mental status examination was inconsistent with limitations in social functioning. *See Orn v. Astrue*, 495 F.3d 625, 634-35 (reasoning that the ALJ improperly rejected a medical opinion by relying on objective medical evidence that was unrelated to the relevant impairments).

In giving great weight to the largely contrary opinion of Dr. Quinci, who opined that Moe could complete a normal workweek without psychological interruptions, the ALJ pointed out that Dr. Quinci's evaluation occurred after Moe "became clean and sober" and that it was consistent with the counseling treatment notes showing improvement in Moe's condition. The other medical opinions, however, were not based on drug or alcohol abuse, and the counseling treatment notes were not properly characterized as generally establishing improvement.

The ALJ also failed to give germane reasons to reject the opinions of non-acceptable medical sources, Ms. Burris-Fish and Mr. Glen. *See Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012) (requiring germane reasons to reject the opinions of non-acceptable medical sources). As already noted, substantial evidence does not support the ALJ's reasoning regarding substance use and alleged

improvement in the Willapa Counseling progress notes. *See Popa v. Berryhill*, 872 F.3d 901, 907 (9th Cir. 2017) (concluding that inconsistency with other medical evidence in the record was not a germane reason to reject a nurse practitioner's opinion when the ALJ failed to explain how the other evidence was inconsistent with the nurse practitioner's opinion). As Moe's long-term treating counselor, Mr. Glenn was particularly well-situated to observe Moe's abilities and limitations. *See Id.* (noting the prominent role in a claimant's treatment played by a nurse practitioner who served as the claimant's primary care provider and regularly examined the claimant during the relevant period).

The ALJ failed to provide clear and convincing reasons supported by substantial evidence to discredit Moe's testimony. *See Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). Substantial evidence does not support the ALJ's conclusion that Moe's ability to complete some basic self-care activities was inconsistent with his testimony regarding symptoms from paranoia and flashbacks. *See Garrison*, 759 F.3d at 1016 (reasoning that the ALJ erred in rejecting claimant testimony based on activities that as performed by the claimant were not inconsistent with the claimant's symptoms and were not transferrable to work). Because nothing in the record suggests that Moe's ability to perform limited work for a friend on a short-term basis was inconsistent with his key limitations from paranoia and flashbacks, substantial evidence does not support the ALJ's

16-35505

conclusion that Moe's discussions of job searches with his counselor and short-term work experiences since applying for disability were inconsistent with his testimony. *See Lingenfelter v. Astrue*, 504 F.3d 1028, 1038-39 (9th Cir. 2007) (reasoning that a failed work attempt is evidence of disability, especially when the evidence shows that the work attempt was the result of economic hardship). As already noted, substantial evidence does not support the ALJ's reasoning regarding substance use and alleged improvement in the Willapa Counseling progress notes. *See Ghanim v. Colvin*, 763 F.3d 1154, 1164 (9th Cir. 2014) (reasoning that the ALJ improperly rejected claimant testimony based on limited signs of improvement in medical notes that were not inconsistent with the claimant's disabling symptoms). The ALJ's error in relying on several invalid reasons to discredit Moe's testimony was not harmless because it was not inconsequential to the nondisability determination. *See Marsh v. Colvin*, 792 F.3d 1170, 1173 (9th Cir. 2015).

Remand for immediate award of benefits is appropriate in this case because all three factors of the credit-as-true rule are satisfied, leaving no "serious doubt" as to Moe's disability. *See Trevizo v. Berryhill*, 871 F.3d 664, 682-83 (9th Cir. 2017). The first factor of the credit-as-true rule is met in this case because the ALJ made several errors in rejecting nearly every medical opinion in the record, as well as Moe's testimony. *See Dominguez v. Colvin*, 808 F.3d 403, 408 (9th Cir. 2015). The second factor of the credit-as-true rule is met because the record has been

extensively developed in two administrative hearings with respect to Moe's key limitations, and no further administrative proceedings would be useful to resolve any minor remaining inconsistencies in the record. *See Leon v. Berryhill*, 874 F.3d 1130, 1135 (9th Cir. 2017) (explaining that remand for an award of benefits is only appropriate when "the record clearly contradict[s] an ALJ's conclusory findings and no substantial evidence within the record support[s] the reasons provided by the ALJ for denial of benefits"). The third factor of the credit-as-true rule is met because there is no serious doubt as to Moe's disability once the improperly rejected evidence is credited as true. *See Trevizo*, 871 F.3d at 683. In particular, Moe's long-term counselor, Mr. Glenn, concluded that Moe would miss four days of work per month and have significant problems with authority and supervisors. Other medical opinions corroborated these conclusions. The vocational expert testified that someone who missed work 20% of the time or more would be unemployable.

**REVERSED and REMANDED with instructions.**