NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

AUG 28 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSEPH P. MILLS, | No.   17-17352 |
| Plaintiff-Appellant, | D.C. No. 3:16-cv-08032-JJT |
| v. | |
| ANDREW M. SAUL, Commissioner of Social Security, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Arizona
John Joseph Tuchi, District Judge, Presiding

Submitted August 26, 2019[**]

Before:  FARRIS, TROTT, and SILVERMAN, Circuit Judges.

Joseph P. Mills appeals the district court's decision reversing the

Commissioner of Social Security's denial of Mills' application for disability

insurance benefits and supplemental security income under Titles II and XVI of the

Social Security Act.  After the Commissioner conceded that the administrative law

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

judge (ALJ) erred by failing to complete the record, the district court remanded to the ALJ for further proceedings. On appeal, Mills contends the district court abused its discretion by not remanding for an immediate award of benefits. We have jurisdiction under 28 U.S.C. § 1291 and 42 U.S.C. § 405(g). We review the district court's decision to remand for further proceedings for abuse of discretion, *Harman v. Apfel*, 211 F.3d 1172, 1173 (9th Cir. 2000), and we affirm.

The district court did not abuse its discretion in remanding for further proceedings because the record is not fully developed concerning Mills' loss of vision and whether he meets a listed impairment. *See Dominguez v. Colvin*, 808 F.3d 403, 410 (9th Cir. 2015), *as amended* (Feb. 5, 2016) (district court did not abuse its discretion by remanding for further proceedings where the record was not fully developed). Because the consulting ophthalmologist found a discrepancy in the medical evidence and recommended a neurological examination, we reject Mills' assertion that a neurological consultation is improper and irrelevant to his visual impairment. *See* 20 C.F.R. § 404.1519a(b) (consultative examination proper "to resolve an inconsistency in the evidence, or when the evidence as a whole is insufficient to allow us to make a determination").

To the extent Mills argues remand is improper because the evidence compels a finding that he meets listing 3.02A, and is thus disabled, the record does not support his argument.

We reject Mills' arguments concerning remand under sentence four and sentence six of 42 U.S.C. § 405(g). Sentence four remand is appropriate where, as here, the district court enters judgment reversing the ALJ and remands for further development. *See* 42 U.S.C. § 405(g). *See also Shalala v. Schaefer*, 509 U.S. 292, 296-97 (1993) (discussing sentence four and sentence six remands).

The factual record does not support Mills' claims of due process or equal rights violations. *See Klemm v. Astrue*, 543 F.3d 1139, 1144 (9th Cir. 2008). Likewise, the record does not support Mills' claims of bias on the part of the ALJ or the district court. *See Bayliss v. Barnhart*, 427 F.3d 1211, 1215-16 (9th Cir. 2005).

We reject Mills' additional contentions as unsupported.

We deny Mills' motion for oral argument (Docket Entry No. 33).

**AFFIRMED**.