**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MICHELLE BRANDON,

        Plaintiff-Appellant,

v.

ANDREW M. SAUL, Commissioner of
Social Security,

        Defendant-Appellee.

No.   18-55890

D.C. No. 2:17-cv-07420-KK

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Kenly Kiya Kato, Magistrate Judge, Presiding

Submitted September 11, 2020[**]
San Francisco, California

Before: GRABER, BYBEE, and N.R. SMITH, Circuit Judges.

Michelle Brandon appeals the district court's judgment remanding the

administrative law judge's (ALJ) decision for further proceedings rather than an

immediate award of benefits. We have jurisdiction pursuant to 42 U.S.C. § 405(g)

---

    [*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    [**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

and review the district court's decision to remand for further proceedings for abuse of discretion, *Harman v. Apfel*, 211 F.3d 1172, 1173 (9th Cir. 2000).  We affirm.

The district court did not abuse its discretion when it remanded for further administrative proceedings because outstanding issues remain in the record regarding consultative examiner Dr. Michael Kushner's opinion.  *See Dominguez v. Colvin*, 808 F.3d 403, 408–10 (9th Cir. 2015) (affirming district court's remand for further proceedings rather than an immediate award of benefits where outstanding issues, including conflicts between the erroneously rejected opinion and other record evidence, remain unresolved); *Treichler v. Comm'r Soc. Sec. Admin.*, 775 F.3d 1090, 1104–05 (9th Cir. 2014) (affirming district court's remand for further proceedings where conflicts and ambiguities between the erroneously rejected testimony and other record evidence were unresolved).  The district court found (1)  that Dr. Kushner's erroneously discounted opinion was consistent, rather than inconsistent, with the treatment record and Brandon's GAF scores, and (2) that it was not clear from the record whether the ALJ would be required to find Brandon disabled once this evidence was properly evaluated, in part because no vocational expert testified.  The district court properly concluded that remand was warranted for the ALJ to "reassess the evidence and provide sufficient reasons supported by the record" for rejecting Dr. Kushner's opinion.

AFFIRMED.