NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 28 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| TERRY LANNING,<br><br>Plaintiff-Appellant,<br><br>v.<br><br>ANDREW M. SAUL, Commissioner of Social Security,<br><br>Defendant-Appellee. | No. 19-35991<br><br>D.C. No. 4:18-cv-05134-SAB<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of Washington
Stanley Allen Bastian, Chief District Judge, Presiding

Argued and Submitted December 11, 2020
Seattle, Washington

Before: BERZON and MILLER, Circuit Judges, and GLEASON,[**] District Judge.

Terry Lanning appeals from the district court's order affirming an administrative law judge's (ALJ's) denial of disability insurance benefits and supplemental security income under Titles II and XVI of the Social Security Act.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Sharon L. Gleason, United States District Judge for the District of Alaska, sitting by designation.

We have jurisdiction under 42 U.S.C. § 405(g) and 28 U.S.C. § 1291. We reverse and remand with instructions to remand to the Social Security Administration.

1.     The ALJ prejudicially erred by assigning "[l]ittle weight" to the opinions of Dr. Woolever and Dr. Henderson and by failing to consider the opinion of Dr. Palasi. An ALJ "must consider all medical opinion evidence." *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (citing 20 C.F.R. § 404.1527(b)). A treating physician's opinion holds "substantial weight." *Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020) (quoting *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988)). Even if contradicted, it may be discounted only for "specific and legitimate reasons" supported by substantial evidence. *Id.* (quoting *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995)). Nevertheless, reversal is not warranted if the ALJ's error was harmless, "meaning it was 'inconsequential to the ultimate nondisability determination.'" *Id.* (quoting *Tommasetti*, 533 F.3d at 1038).

Dr. Woolever, Lanning's primary-care physician, reported that Lanning was severely limited by coronary artery disease, chronic obstructive pulmonary disease (COPD), and hip pain and was therefore unable to perform even sedentary work for 99 months. The ALJ assigned little weight to Dr. Woolever's opinion "because it was done at a time when [Lanning] was limited by heart problems, and the record shows these problems resolved after stent placement." But Dr. Woolever's opinion was also based on Lanning's COPD and hip pain. In fact, Dr. Woolever

2

assigned those impairments a severity rating of five—the maximum—indicating an "[i]nability to perform one or more basic work-related activities," including sitting, standing, and walking. By contrast, Dr. Woolever assigned a severity rating of four to Lanning's heart disease. Even if Lanning's heart treatment allowed him to perform all of the work activities previously limited by his heart disease, Dr. Woolever's evaluation shows that Lanning's hip pain would, at a minimum, prevent him from sitting and standing in a work environment. Given the substantial weight that must be accorded to the opinion of a treating physician, the ALJ's failure to adequately consider Dr. Woolever's opinion was not harmless.

Dr. Henderson, Lanning's treating orthopedic surgeon, reported that Lanning was severely limited by his total hip replacement and was therefore unable to perform even sedentary work for three months. The ALJ assigned little weight to Dr. Henderson's opinion "because it was only relevant for a short period of time right after [Lanning's] hip surgery." But even if Dr. Henderson's report could not by itself justify a finding of disability, that does not mean that it was not probative evidence that Lanning was disabled for at least three months. The ALJ's discounting of this evidence was not harmless. Dr. Henderson noted at a pre-operation appointment five months earlier that Lanning reported "increasing pain, particularly over the past several years," and that he had an abnormal gait, "definite pain" with movement, and "difficulty performing activities of daily living." A year

3

before that, Lanning presented to Dr. Henderson with hip pain and antalgic gait, and Dr. Henderson diagnosed him with progressive degenerative change of his right hip. Taken together, Dr. Henderson's reports suggest a period of greater than 12 months, before and after surgery, in which Lanning was disabled.

The government argues that Lanning "frequently had a normal gait on examination," but it points to only one such exam since Dr. Henderson's first diagnosis. And at that exam, which was conducted by Dr. Woolever, the doctor also noted chronic pain, congenital hip dysplasia, hip bursitis, and hip pain as problems. In any event, "[o]ccasional symptom-free periods . . . are not inconsistent with disability." *Lester*, 81 F.3d at 833. The government also argues that discounting Dr. Henderson's opinion was harmless because Lanning "routinely reported that he was able to do his activities of daily living." But the ALJ did not find that Lanning's activities occupied a substantial part of his day, *cf. Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001), or that they were readily transferable to a work environment, *cf. Diedrich v. Berryhill*, 874 F.3d 634, 643 (9th Cir. 2017).

Dr. Palasi, a non-examining State physician, rendered two opinions, one in 2015 based on her review of Dr. Woolever's opinion and Lanning's medical records, and the other in 2017 based on her review of both Dr. Woolever's and Dr. Henderson's opinions and Lanning's medical records. Lanning's attorney relied on

4

Dr. Palasi's opinions at the administrative hearing, but the ALJ never mentioned them in his decision. That was error, *see Vasquez v. Astrue*, 572 F.3d 586, 596 (9th Cir. 2009), and it was not harmless. In her 2015 opinion, Dr. Palasi agreed with Dr. Woolever's conclusion that Lanning had a less-than-sedentary residual functional capacity for 99 months due to coronary artery disease, COPD, and obesity. In her 2017 opinion, Dr. Palasi again agreed that Lanning was capable of less than sedentary work due to hip osteochondrosis, coronary artery disease, and COPD. But unlike Dr. Henderson, Dr. Palasi identified Lanning's impairment as expected to last 12 months, which would meet the statutory duration requirement. 42 U.S.C. § 423(d)(1)(A) (Title II); *id.* § 1382c(a)(3)(A) (Title XVI).

2.      When prejudicial error has occurred, we ordinarily remand for further proceedings, *Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2015), and we do so here. On remand, the ALJ should consider the opinions of Dr. Palasi and re-evaluate whether Dr. Woolever's and Dr. Henderson's opinions should be assigned greater weight. *See Marsh v. Colvin*, 792 F.3d 1170, 1173 (9th Cir. 2015). The ALJ should also reconsider whether Lanning's testimony and his wife's function reports should be credited in light of this re-examination of the medical opinion evidence.

**REVERSED AND REMANDED.**