**FILED**



JAN 19 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

SCOTT B. CAMPBELL,

          Plaintiff-Appellant,

 v.

ANDREW M. SAUL, Commissioner of
Social Security,

          Defendant-Appellee.

No.   19-36015

D.C. No. 6:18-cv-01738-BR
District of Oregon,
Eugene

ORDER

Before:  GRABER and IKUTA, Circuit Judges, and BENITEZ,* District Judge.

The Memorandum Disposition filed on October 30, 2020, is amended as

follows:

The ultimate paragraph is amended to read:

> Therefore, we reverse and remand with instructions to remand to the
> Commissioner of Social Security for a calculation and award of benefits
> with the amended disability onset date of April 14, 2015.

With the memorandum disposition so amended, the panel has voted to deny

Appellant's petition for panel rehearing.  The petition for panel rehearing (Docket

# 28) is DENIED, no further petitions for rehearing will be accepted.

---

    *    The Honorable Roger T. Benitez, United States District Judge for the
Southern District of California, sitting by designation.

**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JAN 19 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SCOTT CAMPBELL,<br><br>Plaintiff - Appellant,<br><br>   v.<br><br>ANDREW M. SAUL, Commissioner of Social Security,<br><br>Defendant - Appellee. | No. 19-36015<br><br>D.C. No. 6:18-cv-1738-BR<br><br>AMENDED MEMORANDUM* |

Appeal from the United States District Court
for the District of Oregon
Anna J. Brown, District Judge, Presiding

Submitted October 27, 2020**
Portland, Oregon

Before: GRABER and IKUTA, Circuit Judges, and BENITEZ,*** District Judge.

Scott Campbell appeals the district court's order affirming the denial of his

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*** The Honorable Roger T. Benitez, Senior United States District Judge for the Southern District of California, sitting by designation.

application for disability insurance benefits by an Administrative Law Judge (ALJ). We have jurisdiction under 28 U.S.C. § 1291, and we reverse. We review the district court's order affirming the ALJ's denial of benefits de novo. *Trevizo v. Berryhill*, 871 F.3d 664, 674 (9th Cir. 2017). We will set aside a denial of benefits if the denial is not supported by substantial evidence in the administrative record or is based on legal error. *Marsh v. Colvin*, 792 F.3d 1170, 1172 (9th Cir. 2015).

Because the parties are familiar with the facts of this case we need not recount them in detail. In April 2015, Campbell was hospitalized with congestive heart failure. He was treated regularly by Dr. Frederic Van Dis, a cardiologist, over the following two years. The physician expressed a consistent opinion that Campbell's cardiomyopathy was unexpectedly hard to treat and that Campbell was disabled. Specifically, Dr. Van Dis opined that Campbell had cardiomyopathy, congestive heart failure, and post-traumatic stress syndrome which were chronic and would require long-term treatment, probably for the rest of his life. With respect to functional limitations, Dr. Van Dis opined that Campbell would have to lie down approximately one hour a day in the A.M. and P.M. In response to the question "[h]ow often would Mr. Campbell's medical problems prevent him from being able to maintain a regular work schedule," Dr. Van Dis opined "[m]ore than 4 days per month." When the Vocational Expert was asked whether there were

2

jobs that a person with these functional limits could perform, the Vocational Expert stated there were none; such limitations "would eliminate all work."

The ALJ gave little weight to this opinion. The ALJ did not include the limitation that Campbell would miss "more than 4 days per month" in Campbell's RFC. Nor did the ALJ give any reason for not including this limitation. The ALJ's reasons for giving little weight to the treating physician are not supported by substantial evidence. If the treating physician's opinion is given full weight, Campbell is entitled to disability benefits because the Vocational Expert has already opined that no jobs exist for one with Campbell's limitations.

Normally, "[t]he opinion of a treating physician is given deference because 'he is employed to cure and has a greater opportunity to know and observe the patient as an individual.'" *Morgan v. Comm'r*, 169 F.3d 595, 600 (9th Cir. 1999) (quoting *Sprague v. Bowen*, 812 F.2d 1226, 1230 (9th Cir. 1987)). "As a general rule, more weight should be given to the opinion of a treating source than to the opinion of doctors who do not treat the claimant. At least where the treating doctor's opinion is not contradicted by another doctor, it may be rejected only for 'clear and convincing' reasons." *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996) (citations omitted). "We have also held that 'clear and convincing' reasons are required to reject the treating doctor's ultimate conclusions." *Id*. Important for

this appeal, "[t]he opinion of a nonexamining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of . . . a treating physician." *Id.* at 831.

Dr. Van Dis was the only treating doctor cited by the ALJ. Other than Dr. Van Dis, the only medical sources cited were non-treating, nonexamining, consulting sources. Two doctors consulted on physical limitations and two psychologists consulted on mental limitations. The ALJ noted that the consulting physicians "never saw the claimant," and he gave their opinions "partial weight." The opinions of the consulting psychologists were also given "partial weight." Because the opinion of a nonexamining medical source cannot by itself constitute substantial evidence that justifies the rejection of the opinion of a treating physician, the ALJ erred. *See id*. Nor does substantial evidence support the ALJ's rejection of Dr. Van Dis' functional limitations on the ground that Campbell regained the ability to walk up to 2.2 miles. The record makes clear that those exertions consistently required Campbell to sleep for hours afterwards. Campbell's ability to walk before sleeping does not contradict Dr. Van Dis' functional limitations. Had the opinion of the only treating physician correctly been given full weight, Campbell would have been found to have been disabled during the claimed period of disability.

4

The usual rule is to remand to develop the record. *Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2016). Here, however, all three requirements are met for remanding for the payment of benefits. *See Burrell v. Colvin*, 775 F.3d 1133, 1141 (9th Cir. 2014). First, the record has been fully developed, "is free from conflicts and ambiguities, and all essential factual issues have been resolved." *Dominguez*, 808 F.3d at 407 (internal quotation marks omitted). Further administrative proceedings would serve no useful purpose. *Id*. Second, the ALJ failed to provide legally sufficient reasons for rejecting the treating physician's opinion and the claimant's testimony. Third, if the treating physician's opinion is credited as true, the ALJ would be required to find Campbell disabled on remand.

Therefore, we reverse and remand with instructions to remand to the Commissioner of Social Security for a calculation and award of benefits with the amended disability onset date of April 14, 2015.

**REVERSED AND REMANDED**.