NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FEB 4 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MELISSA L. HATFIELD, | No. 19-16970 |
| Plaintiff-Appellant, | D.C. No. 2:18-cv-02842-SPL |
| v. | |
| ANDREW M. SAUL, Commissioner of Social Security, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Arizona
Steven Paul Logan, District Judge, Presiding

Submitted February 1, 2021**
Phoenix, Arizona

Before: W. FLETCHER, MILLER, and HUNSAKER, Circuit Judges.

Melissa Hatfield appeals from the district court's order reversing an

administrative law judge's denial of her application for disability insurance

benefits under Title II of the Social Security Act and remanding her case to the

_____

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Social Security Administration for further proceedings. The only issue on appeal is whether the district court abused its discretion in remanding for further proceedings instead of directing payment of benefits. *See Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Only in rare circumstances does a case merit a remand for an award of benefits instead of further proceedings. *Moisa v. Barnhart*, 367 F.3d 882, 886–87 (9th Cir. 2004). A remand for an award of benefits is appropriate only if the record is fully developed and there are no outstanding issues to resolve. *Treichler v. Commissioner of Soc. Sec. Admin.*, 775 F.3d 1090, 1101 (9th Cir. 2014). Here, gaps and inconsistencies in the record exist, leaving some doubt as to whether Hatfield is disabled under the terms of the Social Security Act. *See Leon v. Berryhill*, 880 F.3d 1041, 1047–48 (9th Cir. 2017). The district court therefore did not err in refusing to direct an award of benefits.

The record is not fully developed as to whether Hatfield can type. Hatfield testified that she could not perform a sedentary office job because her childhood epilepsy had created a disconnect between her eyes and her hands, preventing her from typing on a computer. But no evidence in the record beyond Hatfield's testimony substantiates her claim that she cannot type. Because typing is an essential skill for many jobs in the national economy, additional evidence

demonstrating that Hatfield cannot type may be critical to resolving this case.

The record is also not fully developed as to Hatfield's memory loss. At her hearing, Hatfield testified that she had recently developed "severe problems with memory," but the only psychiatric evaluation of her memory in the record occurred more than two years before the date of the hearing. While that evaluation found that Hatfield had no problems with her memory, a more recent evaluation will further develop the record and may provide more accurate information about Hatfield's memory.

There are also inconsistencies between Hatfield's testimony and Dr. Edelstein's opinion. Hatfield testified that she could sit for extended periods as long as she could reposition herself every 15 minutes. But Dr. Edelstein opined that Hatfield could sit for only 10 minutes at a time and a maximum of three hours in an eight-hour workday. While "the pressures of a workplace environment" could exacerbate Hatfield's condition, *Garrison v. Colvin*, 759 F.3d 995, 1016 (9th Cir. 2014), it is not apparent from the existing record that workplace stresses can explain such an inconsistency, especially in light of Hatfield's testimony that she can drive (presumably seated) for 30 minutes if cruise control is on. These inconsistencies leave open the question of whether Hatfield can sit through an eight-hour workday. *See Brown-Hunter v. Colvin*, 806 F.3d 487, 496 (9th Cir. 2015).

The vocational expert testified that, assuming Hatfield could not perform more than light work, she would not be able to find employment if her ailments rendered her incapable of typing, caused her to be off task for more than 10 percent of the workday, prevented her from sitting through a workday, or forced her to take more than four days off a month. The gaps and inconsistencies in the record are relevant to a determination of the severity of Hatfield's medical condition. Therefore, the district court did not abuse its discretion in determining that further proceedings were necessary. *See Dominguez v. Colvin*, 808 F.3d 403, 410 (9th Cir. 2015).

**AFFIRMED**.