**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

NOV 17 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

GAIL ANN CRUZ,

Plaintiff-Appellant,

v.

KILOLO KIJAKAZI, Acting Commissioner
of Social Security,

Defendant-Appellee.

No.   20-16651

D.C. No. 2:19-cv-04460-JJT

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
John Joseph Tuchi, District Judge, Presiding

Submitted November 15, 2021[**]
Phoenix, Arizona

Before: CLIFTON, BRESS, and VANDYKE, Circuit Judges.

Gail Cruz appeals the district court's order reversing the decision of the

Commissioner of the Social Security Administration and remanding for further

administrative proceedings before an Administrative Law Judge (ALJ). "We review

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

the district court's decision to remand for further proceedings or to direct a payment of benefits for an abuse of discretion." *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1098 (9th Cir. 2014). We have jurisdiction under 28 U.S.C. § 1291 and affirm.

A district court "ordinarily must remand to the agency for further proceedings before directing an award of benefits." *Leon v. Berryhill*, 880 F.3d 1041, 1045 (9th Cir. 2017). The "credit-as-true" rule, on which Cruz relies, is a "rare and prophylactic exception to the ordinary remand rule." *Id.* For the court to remand for award of benefits, three conditions must be satisfied:

> (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.

*Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014).

The district court did not abuse its discretion in determining that "further proceedings would be useful given that none of the treating providers' medical opinions were meaningfully addressed," and "there was no meaningful analysis of their credibility." Further proceedings may be useful when the medical evidence is inconsistent. *See Dominguez v. Colvin*, 808 F.3d 403, 408–09 (9th Cir. 2015) (holding that the district court did not abuse its discretion in declining to credit a treating physician's opinion as true when the physician's opinion "conflict[ed] in

2

some respects with his treatment notes" and was "inconsistent with the reports of other physicians"). Here, Dr. Patel and Nurse Gray's opinions that Cruz is unable to perform light work conflict with the opinions of two state agency examiners. Gray's evaluation also appears to be internally inconsistent.

These various inconsistencies demonstrate that the record is not "free of conflicts, ambiguities, or gaps," and that further proceedings would be useful to determine what portions of the opinions of the various medical professionals the ALJ thought were entitled to weight. *Leon*, 880 F.3d at 1046–47. The ALJ's discounting of Cruz's subjective testimony further militates against a direct award of benefits. *Dominguez*, 808 F.3d at 409 ("The ALJ's well-supported credibility concerns raise additional factual issues that require resolution.").

**AFFIRMED.**