**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 18 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ALLISON L. EAVES, | No.   18-56508 |
| Plaintiff-Appellant, | D.C. No. 2:17-cv-04484-FFM |
| v. | |
| KILOLO KIJAKAZI, Acting Commissioner of Social Security, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Frederick F. Mumm, Magistrate Judge, Presiding

Submitted May 20, 2022**
Pasadena, California

Before:  MILLER and COLLINS, Circuit Judges, and KORMAN,*** District
Judge.

Allison L. Eaves appeals from the district court's decision affirming the

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*       The Honorable Edward R. Korman, United States District Judge for
the Eastern District of New York, sitting by designation.

Commissioner of Social Security's denial of her application for supplemental security income under Title XVI of the Social Security Act. The district court had jurisdiction under 42 U.S.C. § 405(g), and we have jurisdiction under 28 U.S.C. § 1291. We reverse and remand for further proceedings.

A recovering methamphetamine addict, Eaves alleges disability beginning August 15, 2013—the date of her last relapse. At that time, Eaves was living in transitional housing as part of a mental health treatment program where she attended group therapy sessions every weekday from 9 am to 3 pm, as well as Alcoholics Anonymous meetings three times a week. In 2014, Eaves moved to a different transitional living facility where she attended 20 hours of group therapy a week and attended Alcoholics Anonymous meetings five times a week. At the time of her second hearing before the ALJ in February 2016, she had been diagnosed with bipolar disorder or borderline personality disorder, anxiety disorder, alcohol use disorder, amphetamine use disorder, PTSD, and ADHD. To treat her many illnesses, Eaves was taking seven different medications daily and seeing psychiatrists monthly.

Two of these treating psychiatrists, Dr. Jason Graber and Dr. Rebecca Van Horn, submitted opinions to the Social Security Administration ("SSA") that Eaves was at least markedly impaired in her ability to understand and remember instructions; to interact appropriately with her supervisors, her coworkers, and the

public; and to respond appropriately to work pressures and changes in a routine work setting. The ALJ gave "less weight" to the opinions of Dr. Graber and Dr. Van Horn than to those of the state agency physicians who reviewed Eaves's record and found her only moderately impaired in these areas of mental functioning. Under these circumstances, the ALJ had to provide "specific and legitimate" reasons to discount Dr. Graber's and Dr. Van Horn's opinions. *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005).[1] The ALJ gave two reasons for discounting their opinions: (1) they were "presented as check-off reports and do not contain any explanation of the bases of their conclusions" and (2) "they [were] not supported by [the doctors'] own treating records showing largely normal mental status examinations and conservative care."

While Dr. Graber and Dr. Van Horn did present their opinions on check-box forms, these forms were provided by the SSA and included written explanations for the checked boxes. The mere use of a "check-the-box" form does not constitute a "specific and legitimate" reason to reject an opinion of a treating physician. *Trevizo v. Berryhill*, 871 F.3d 664, 677 n.4 (9th Cir. 2017). And, contrary to the ALJ's assertion, Dr. Graber's and Dr. Van Horn's treatment records do support their opinions, as they recite Eaves's struggles with anxiety, her repeated panic

---

[1] Because Eaves filed her claim before March 27, 2017, the "specific and legitimate" standard applies. *See* 20 C.F.R. § 404.1527(c); *Woods v. Kijakazi*, 32 F.4th 785, 789 (9th Cir. 2022).

attacks, and her inability to concentrate for extended periods. *See Burrell v. Colvin*, 775 F.3d 1133, 1140 (9th Cir. 2014). Moreover, the ALJ erred in characterizing Eaves's treatment as "conservative" when the record shows that she was attending group therapy with a licensed counselor 20 hours a week, meeting with a psychiatrist monthly, and taking several psychotropic medications daily when she appeared before the ALJ. Thus, substantial evidence does not support the ALJ's decision to reject Dr. Graber's and Dr. Van Horn's opinions.

The ALJ's reasons for discounting the statements of Eaves's caseworkers were also flawed. Although the ALJ noted that the caseworkers were not medical professionals, the ALJ was nonetheless required to give specific reasons "germane to each witness" before rejecting their lay observations concerning Eaves's situation and abilities. *Bruce v. Astrue*, 557 F.3d 1113, 1115 (9th Cir. 2009). The ALJ relied primarily on the ground that their statements were "not fully consistent with the medical opinions and other evidence" as summarized by the ALJ, but given the errors we have found in the ALJ's assessment of the medical opinions, that ground is vitiated and must be re-evaluated on remand. Moreover, the ALJ's categorical dismissal of caseworkers, by virtue of their positions, as being interested parties whose views may be "colored by affection" for their clients, lacks support in the record and is not a reason "germane to each witness." *Id*. And because the cumulation of these errors may have contributed to the ALJ's

discounting of Eaves's symptom testimony, that testimony should also be evaluated afresh on remand.

Accordingly, we reverse the district court's decision and remand to that court with instructions to remand to the agency. *See Hill v. Astrue*, 698 F.3d 1153, 1162 (9th Cir. 2012). We do not direct an award of benefits because "conflicting evidence" remains in the record, particularly in the opinions of the treating, examining, and reviewing physicians. *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1101 (9th Cir. 2014); *see also Dominguez v. Colvin*, 808 F.3d 403, 409–10 (9th Cir. 2015).

**REVERSED and REMANDED for further proceedings.**