MEMORANDUM **
Bonnie May Hamilton-Carneal appeals the district court’s order affirming the denial by the Commissioner of Social Security of her application for disability insurance benefits. We vacate and remand with instructions to remand to the agency for further proceedings.
1. Hamilton-Carneal was diagnosed with fibromyalgia by her treating physician. Fi-bromyalgia “is poorly-understood within much of the medical community.” Benecke v. Barnhart, 379 F.3d 587, 590 (9th Cir. 2004). “The disease is diagnosed entirely on the basis of patients’ reports of pain and other symptoms;” “there are no laboratory tests to confirm the diagnosis.” Id.; see also Rounds v. Comm’r, 807 F.3d 996, 1000 n.3 (9th Cir. 2015). The ALJ therefore erred by discounting Hamilton-Car-neal’s “subjective complaints and limitations” as “simply out of proportion to and not corroborated by the objective medical evidence.”
2. The ALJ provided other reasons for discounting Hamilton-Carneal’s reports of pain. For example, she noted that Hamilton-Carneal “voluntarily deferred recommended treatment.” See Tommasetti v. Astrue, 533 F.3d 1035, 1039 (9th Cir. 2008) (affirming an ALJ’s decision to discredit pain testimony in part because the claimant did not “seek an aggressive treatment program”). We therefore decline to credit Hamilton-Carneal’s testimony as true. See Dominguez v. Colvin, 808 F.3d 403, 407 (9th Cir. 2016). But the ALJ’s decision indicates that the absence of “objective medical evidence” was a central factor in her determination that Hamilton-Carneal was not credible. We also therefore cannot conclude that the error was harmless. See Carmickle v. Comm’r, 533 F.3d 1155, 1162 (9th Cir. 2008); Stout v. Comm’r, 454 F.3d 1050, 1056 (9th Cir. 2006).
VACATED. AND REMANDED. Each party shall bear its own costs.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R, 36-3,