**NOT FOR PUBLICATION**

FILED

UNITED STATES COURT OF APPEALS

NOV 7 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

LOGAN L. HUMMEL,

No.   22-36016

Plaintiff-Appellant,

D.C. No. 6:21-cv-01383-JR

v.

MEMORANDUM*

KILOLO KIJAKAZI, Acting Commissioner
of Social Security,

Defendant-Appellee.

Appeal from the United States District Court
for the District of Oregon
Jolie A. Russo, Magistrate Judge, Presiding

Argued and Submitted October 20, 2023
Portland, Oregon

Before:  GILMAN,** KOH, and SUNG, Circuit Judges.

Logan Hummel appeals from the district court's decision affirming the

Commissioner of Social Security's denial of his application for disability-insurance

benefits and supplemental security income.  "We review the district court's order

---

*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**       The Honorable Ronald Lee Gilman, United States Circuit Judge for
the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

affirming the ALJ's denial of social security benefits de novo, and will disturb the denial of benefits only if the decision contains legal error or is not supported by substantial evidence." *Ford v. Saul*, 950 F.3d 1141, 1153–54 (9th Cir. 2020) (cleaned up).

The parties are familiar with the facts, so we recount them only as necessary to resolve the arguments on appeal. Having jurisdiction under 28 U.S.C. § 1291, we reverse and remand for further proceedings.

1. Hummel was diagnosed with fibromyalgia and various other health conditions, and the ALJ recognized that Hummel's medical impairments "could reasonably be expected to cause the alleged symptoms[.]" This court has repeatedly held that ALJs may not rely on "normal" medical results to discount subjective-symptom testimony in fibromyalgia cases because "examinations that had mostly normal results" and "medical records showing that . . . [the claimant] exhibited normal muscle strength, tone, and stability, as well as a normal range of motion" are "*perfectly consistent* with debilitating fibromyalgia." *Revels v. Berryhill*, 874 F.3d 648, 666 (9th Cir. 2017) (emphasis added); *see also Estrada v. Saul*, 842 F. App'x 154, 155 (9th Cir. 2021) (mem.); *Truong v. Berryhill*, 774 F. App'x 381, 383 (9th Cir. 2019) (mem.); *Hamilton-Carneal v. Colvin*, 670 F. App'x 613, 614 (9th Cir. 2016) (mem.). The ALJ therefore erred in concluding that Hummel's statements "concerning the intensity, persistence, and limiting

effects of" his fibromyalgia were "not entirely consistent" with a handful of medical examinations indicating normal results. Moreover, the ALJ ignored certain parts of the record that supported Hummel's testimony, including medical examinations from January to March of 2021 finding musculoskeletal tenderness.

2. The ALJ similarly erred in rejecting Hummel's testimony as inconsistent with his allegedly "conservative" treatment. Hummel's course of treatment is not a valid basis to discount his testimony because, as the district court correctly noted, "fibromyalgia is routinely treated only with conservative means[.]" *Logan H. v. Kijakazi*, No. 21-cv-01383-JR, 2022 WL 6980833, at *4 (D. Or. Oct. 12, 2022); *see also Revels*, 874 F.3d at 667 (holding that the ALJ "erred in rejecting [the claimant]'s testimony on account of the supposedly 'conservative' treatment she received" when the ALJ "provided no explanation why he deemed this treatment 'conservative' for fibromyalgia").

3. Nor does substantial evidence support the ALJ's conclusion that Hummel's testimony was inconsistent with his reported activities. This court has "repeatedly warned that ALJs must be especially cautious in concluding that daily activities are inconsistent with testimony about pain[.]" *Garrison v. Colvin*, 759 F.3d 995, 1016 (9th Cir. 2014) (collecting cases); *see also Trevizo v. Berryhill*, 871 F.3d 664, 676, 682 (9th Cir. 2017) (holding that when an ALJ neither "develop[s] a record regarding the extent to which and the frequency with which" a claimant

performed certain life activities nor "inquire[s] into whether [the claimant performed those activities] alone or with the assistance of [others]," the "mere fact that [a claimant engaged in those activities] does not constitute an adequately specific conflict with her reported limitations").

In this case, the ALJ referenced Hummel performing household chores, practicing yoga, "spend[ing] time YouTubing," and coaching his children's sports teams. But the record indicates that (1) most chores were delegated to Hummel's family members, (2) one of Hummel's medical providers instructed him to practice yoga to help manage his pain, and (3) even if "spending time YouTubing" were inconsistent with Hummel's claimed limitations, Hummel was not in fact doing any YouTubing.

As for Hummel having coached his children's sports teams at some point in the past, nothing in the record indicates that he did any coaching after February 2020. Nor is there any evidence about what the coaching entailed or how often Hummel coached between June 2019 (his amended disability date) and February 2020. The ALJ did not develop the record about coaching at the April 2021 hearing beyond asking a single question about Hummel having more energy and wanting to coach, and Hummel explaining in response that he was not coaching at that time. Considering that "[t]he vast majority of the ALJ's bases for rejecting [Hummel]'s testimony were legally or factually erroneous[,]" we cannot say that

4

the limited information about coaching can by itself "constitute substantial evidence supporting a finding that [Hummel]'s symptoms were not as severe as [he] testified[.]" *See Trevizo*, 871 F.3d at 682.

4. The ALJ also rejected the medical opinion of Hummel's treating nurse-practitioner as "inconsistent with examinations" showing normal results. Similarly, the ALJ concluded that the written statement submitted by Hummel's wife was "neither inherently valuable nor persuasive when compared to the objective medical evidence." This reasoning is identical to one of the ALJ's bases for rejecting Hummel's own testimony, and it is therefore similarly erroneous for the reasons discussed above. *See Revels*, 874 F.3d at 666; *see also Truong v. Berryhill*, 774 F. App'x 381, 383 (9th Cir. 2019) (holding that the ALJ erred when he "relied extensively upon [the fibromyalgia patient]'s normal test results to discount her physicians' opinions and her and her daughter's testimony").

For all of the above reasons, we reverse the judgment of the district court with instructions to remand to the ALJ for reconsideration consistent with this Memorandum.

**REVERSED** and **REMANDED**.